# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN D. BLACK,

    Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 2:09-CV-02343-PMP-(LRL)

**ORDER**

        Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and the court finds that it requires amendment.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1  Medical care is the subject of this action.  Plaintiff alleges that another inmate
2  attacked him, causing injuries to his head, eyes, ears, back, and knees.  He claims that his
3  prescriptions for pain medication are not of sufficient quantity to last between visits to the doctor,
4  and he claims that the treatments for his injuries have been inadequate to non-existent.
5  "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under
6  section 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the
7  failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary
8  and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting
9  Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
10 1136 (9th Cir. 1997) (en banc).  Plaintiff's allegations are sufficient to establish a serious medical
11 need.

12  The defects in the complaint concern the defendants.  Plaintiff has sued Howard
13 Skolnik, director of the Nevada Department of Corrections, Dwight Neven, warden of the High
14 Desert State Prison, and Bruce Bannister, medical director of the Nevada Department of
15 Corrections, in their official capacities.[1]  While individual-capacity actions seek to impose personal
16 liability upon a government official for actions performed under color of state law, official-capacity
17 actions generally represent another way of suing "an entity of which an officer is an agent."
18 Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services
19 of City of New York, 436 U.S. 658, 690 n.55 (1978)).  In this case, the entity is the Nevada
20 Department of Corrections.

21  Under the Eleventh Amendment to the Constitution, states are generally immune
22 from actions in federal courts.  The Nevada Department of Corrections, as an agency of the State of
23 Nevada, also enjoys that immunity.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Congress
24 has the power to override that immunity through legislation authorized by section 5 of the

---

[1] Plaintiff has also sued five unidentified, "Doe" defendants.  He would need to identify them before the action can proceed against them.

Fourteenth Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

The State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are not "persons" within section 1983's meaning of the term. Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997) (quoting Will, 491 U.S. at 70). Because the Nevada Department of Corrections is one of the "arms of the State," it is not a "person" for the purposes of section 1983. Therefore, defendants, in their official capacities, are immune from suit. Plaintiff will need to amend his complaint to correct this defect.

If plaintiff does amend his complaint to name defendants in their individual capacities, he will need to allege more facts concerning the involvement of defendants Skolnik and Neven. He describes them as supervisors in the preliminary portion of the complaint, and he does not mention them in the body of his count for relief. A supervisor cannot be held liable in his individual capacity merely because he is a supervisor. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). In the context of a medical-care claim, deliberate indifference is subjective. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060. Plaintiff will need to allege how defendants Skolnik and Neven are personally involved with the decisions regarding his medical care.

1    In addition to correcting the above-noted defects, plaintiff will need to re-allege all
2 of his causes of action in his amended complaint, or they will be waived. <u>King v. Atiyeh</u>, 814 F.2d
3 565, 567 (9th Cir. 1987).
4    IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.
5    IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a
6 claim upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a
7 civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that
8 this order is entered to submit his amended complaint, if he believes that he can correct the noted
9 deficiencies.  Failure to comply with this order will result in the dismissal of this action.
10    IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint
11 as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to
12 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:09-CV-
13 02343-PMP-(LRL), above the word "AMENDED."
14    DATED:  June 21, 2010.

_____
PHILIP M. PRO
United States District Judge

-4-